Judge: Marc Barreca
Chapter: 13
Hearing Date: May 24, 2023
Hearing Time: 9:00 a.m.
Hearing Location: via ZoomGov
Response Date: May 17, 2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:
LORIN EDWIN MASSINGALE,

Debtor.

IN CHAPTER 13 PROCEEDING
No. 20-12628-MLB

RESPONSE TO ATTORNEY'S
APPLICATION FOR COMPENSATION

Jason Wilson-Aguilar, Chapter 13 Trustee, responds to the Attorney's Application for Compensation (ECF No. 56):

Counsel for the debtor's Application for Compensation seeks approval of fees totaling $83,638.28. Based upon his application and supplemental declaration (ECF No. 57), counsel for the debtor has done extensive work on the debtor's case. Attorneys are of course entitled to reasonable compensation for their work. The Trustee raises the following issues solely for the Court's consideration given counsel's extensive work:

1) Counsel's Application includes a certification that, should his compensation be allowed, the debtor's plan will not require modification. Based on the Trustee's review, this is not the case. The debtor's confirmed plan provides for monthly payments of $2,140.00 (ECF No. 46). Counsel's proposed form of order (ECF No. 56-3) requests approval of fees in the amount of $83,638.28 and that these fees will be paid pursuant to the terms of the confirmed plan. Should this fee application be granted, the Trustee estimates that the debtor's plan payment would need to increase to $7,605.00 per month.

2) According to counsel's Declaration in Support of Application for Attorney Fees and Costs (ECF No. 57), the debtor sought legal assistance regarding his dispute with his mortgage

RESPONSE TO ATTORNEY'S
APPLICATION FOR COMPENSATION - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

servicer from several other attorneys to whom he paid a combined $10,000.00. It is unclear from the declaration whether these fees were incurred before or after his petition. To the extent that these fees were incurred and paid by the debtor post-petition, it does not appear that the appointment of these attorneys, nor the award of any fees, had been approved by the Court. Counsel for the debtor should further explain what fees associated with the debtor's dispute with his mortgage servicer were incurred by the debtor and when the debtor made these payments.

3) According to counsel's Declaration in Support of Application for Attorney Fees and Costs, counsel has received $34,292.99 from the debtor in payment for work he has performed in the debtor's adversary proceeding (Case No. 21-01013-MLB). Based on the docket, it does not appear that the Court had approved these fees either in the adversary proceeding, or the Chapter 13 case. Chapter 13 attorney fees in excess of the presumptive fee need Court approval pursuant to Local Bankruptcy Rule 2016-1(e)(2).

4) The debtor's confirmed plan (ECF No. 46) provides for a monthly payment of $2,140.00. According to his Schedules I and J (ECF No. 12), the debtor's net monthly income is $2,159.25. Based on the budget from his schedules, it is unclear how the debtor could have made payments totaling $34,292.99 to his counsel during his Chapter 13 bankruptcy case.

5) Counsel for the debtor has filed a Motion to Withdraw as Attorney for Debtor and Plaintiff (AP ECF No. 79) in the debtor's adversary proceeding. It is unclear if this motion is intended to withdraw counsel as the attorney for the debtor in the Chapter 13 case. If so, counsel should file a Motion to Withdraw in the main Chapter 13 case as well.

6) The amount of fees being requested is rather significant. Courts determine the reasonableness of attorney fees in Chapter 13 cases based on numerous factors, including but not limited to the hourly rate multiplied by the number of hours incurred, the difficulty of the issues involved, the customary fee for similar matters, the amounts at issue, the results obtained, the experience of the attorney and attorney fees in similar cases under similar circumstances. *In re Spear*, 636 B.R. 765, 770 - 71 (Bankr. S.D. Ohio 2022) (citations omitted).

RESPONSE TO ATTORNEY'S
APPLICATION FOR COMPENSATION - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

7) The Trustee does not dispute that counsel for the debtor performed extensive and important work for the debtor. The Trustee raises these issues only for the Court's consideration given the peculiarities present here.

The Trustee reserves the right to assert additional bases for his response.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny or approve the Attorney's Application for Compensation, as the Court sees fit.

Dated this 16th day of May, 2023

>*/s/ Kristin D. Bowen*, WSBA #46688 for
> JASON WILSON-AGUILAR
> Chapter 13 Trustee

RESPONSE TO ATTORNEY'S
APPLICATION FOR COMPENSATION - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282